(97 App. Div. 109.)

## LEVINO v. MOORE CO.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. SALES—DELIVERY OF EXCESS—RIGHT OF VENDOR TO RETURN.

Where plaintiff's assignor delivered defendant 129,000 sets of labels, whereas the contract called for but 100,000, defendant was bound to pay for such excess, or return the same unconditionally to plaintiff, irrespective of the fact that they had defendant's name on them.

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Bernard Levino, Jr., against the Moore Company. From a judgment of the Municipal Court for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

George P. Breckenridge, for appellant.

George E. Miner, for respondent.

WOODWARD, J. The plaintiff, as assignee of the MacMillan Lithographic Company, brings this action to recover a balance claimed to be due from the defendant for labels. The answer denies most of the material allegations of the complaint. Upon the trial the evidence fully supported the claim of the plaintiff, and the judgment appealed from should be affirmed.

It appears from the evidence that the defendant had contracted with the MacMillan Lithographic Company for 100,000 sets of labels, that these labels were furnished and delivered, and that some 29,000 additional sets of labels were also delivered to the defendant. The answer admits that there were more than 100,000 sets delivered, and the proof seems to be that this excess was the number stated, although upon this point there was something of a conflict of evidence. The defendant, admitting that it had received more than the 100,000 sets, refused to pay for the excess, or to surrender the same, except upon the condition that the plaintiff or his predecessors in interest would destroy the same by running a knife through them. We are clearly of opinion that the defendant was bound to pay for the excess of labels, or to surrender the same unconditionally to the plaintiff. The mere fact that the labels contained the name of the defendant, and that there was a suggestion that the plaintiff might sell the same to rivals of the defendant, did not operate to give the latter any right to dictate the terms on which it would surrender the property of the plaintiff. If it did not intend to accept these labels, it was its duty to surrender the same to the plaintiff. If the latter undertook to make an unlawful disposition of the same, the courts could be called upon to interfere; but it does not follow that the defendant could retain the goods, or dictate the terms on which it would surrender the same. If it kept the goods, it was bound to pay for them. Randall v. The National Ice Company of New York (Sup.) 19 N. Y. Supp. 633. The mere fact that the original contract only called for 100,000 sets of labels does not operate to give the defendant the right to use or control the excess of labels which were delivered, without paying for the same, even though the plaintiff might have

made an unlawful disposition of the labels. The law will not presume that any one intends to do that which is unlawful, and, even if the plaintiff had threatened to make an unlawful use of these labels, it was not for the defendant to restrain such action. We maintain courts for such purposes, where the interested parties may appear before an impartial tribunal for the adjustment of their differences.

The judgment appealed from should be affirmed, with costs. All concur; BARTLETT, J., in result.